IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRENCE N. GILLILAND, | ) | |
| DENISE M. GILLILAND and | ) | |
| LUIS S. GALLEGOS, | ) | |
| | ) | 8:11CV11 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CONFIDENTIALITY AND |
| HARLEY-DAVIDSON MOTOR | ) | PROTECTIVE ORDER |
| COMPANY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' Joint Stipulation for a confidential protective order (Filing 25). The Stipulation will be adopted. Accordingly,

**IT IS ORDERED** that a confidentiality and protective order is entered as follows:

### DEFINITIONS

**PLAINTIFFS**: This term shall mean the Plaintiffs in the above-captioned matter, Terrence N. Gilliland, Denise M. Gilliland and Luis S. Gallegos.

**PLAINTIFFS' COUNSEL**: This term shall mean the attorneys of record for the party Plaintiffs in the above-captioned matter. In the event that the attorneys of record are members of a firm, this phrase shall include any and all other lawyers, legal assistants and staff who are members of, or associated with, Plaintiffs' Counsel's firm.

**DOCUMENTS**: This term is intended as a collective reference to any and all material or other tangible things containing information produced by HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, in response to a pre-trial discovery request in the above-captioned matter.

**DISCOVERY**: This term shall include all "documents" or other items produced by HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, or any of its predecessors, parents or subsidiaries in the above-captioned matter in response to requests for production of documents and tangible things, deposition notices and subpoenas, interrogatories and requests for admissions.

## TERMS AND CONDITIONS

1. HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, in producing discovery in this action that contains trade secret or other confidential research, development or commercial information of a non-public nature, may designate such discovery as **CONFIDENTIAL**.

2. Documents to be designated confidential will be so designated by stamping each page "**CONFIDENTIAL**." The physical labeling of any document shall not be done in any manner that obstructs the reading of the document or impairs the reading of the document when duplicated by a conventional duplicating process.

3. If Plaintiffs object to the designation of a document by HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC as **CONFIDENTIAL**, they may apply to the Court for relief, asserting that the document so designated does not justify the imposition of restrictions concerning its use. Plaintiffs' application for relief shall delineate each document which Plaintiffs contend should not be treated as **CONFIDENTIAL** and the specific reasons it should not be so treated. Unless this Court enters an Order changing the designation, the information shall be treated as **CONFIDENTIAL** under the terms of this Order. In any event, Defendant HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC shall allow Plaintiffs ample opportunity to explore the basis for the claim of confidentiality.

4. No discovery designated as **CONFIDENTIAL** shall be used or communicated by any persons receiving it for any purpose whatsoever other than the preparation of this case for trial.

5. Any discovery designated as **CONFIDENTIAL** furnished by HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC to Plaintiffs shall not be given, shown, made available or otherwise communicated in any way by Plaintiffs, Plaintiffs' counsel or Plaintiffs' paralegal staff to anyone other than (i) outside experts and consultants, who shall be bound by this Order not to communicate further such discovery, or (ii) the Court if required in any further proceeding herein, except as permitted by stipulation of the parties or any further order of the

Court.

6. No party shall disclose documents or other material designated **CONFIDENTIAL** to any experts not assisting in this litigation. Disclosure shall be made to such experts only as is reasonably necessary for the prosecution of this lawsuit and only after the person to whom disclosure is to be made has been provided with a copy of this Order and has agreed to be bound by it. Such expert or experts shall review this Confidentiality Order and execute a Written Assurance attached hereto as Exhibit A prior to reviewing documents designated as **CONFIDENTIAL**.

7. In the event that counsel for any party determines to file with the Court any material marked **CONFIDENTIAL**, information derived therefrom or any papers containing or disclosing such material or information, such documents shall be filed in an envelope on which a statement substantially in the following form shall be endorsed:

**CONFIDENTIAL**
This envelope contains information that is subject to a Stipulation and
Protective Order governing the use of confidential discovery material.

8. After termination of this case, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties, their attorneys and all recipients of discovery designated **CONFIDENTIAL** for the enforcement of the provisions of this Order following termination of this case, and/or to terminate all or some of the provisions of this agreement on application by any party.

9. This Order shall not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

10. No provision of this Order is intended to limit the right of any party, counsel for any party or any recipient of discovery from seeking to modify the terms of this Order at any time in the future or from seeking relief of the restrictions imposed by this Order concerning discovery designated as **CONFIDENTIAL**.

11. This Order shall be binding upon the parties to this action, the attorneys for each

QB\13161619.1

3

party and upon any recipient of discovery designated as **CONFIDENTIAL** and upon any successor, executor, personal representative, administrator, heir, legal representative, assignee, subsidiaries, division, employee, agent, independent contractor or other person or legal entity over which any party or attorney or recipient of documents covered by this Order may have control.

Dated this 27th day of June 2011.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge

/s/ Steven H. Howard, #18582
**DOWD HOWARD & CORRIGAN, L.L.C.**
1411 Harney Street, Suite 100
Omaha, NE 68102
*Attorneys for Plaintiffs Terrence N. Gilliland, Denise M. Gilliland and Luis S. Gallegos*

/s/ David M. Woodke, #15211
**WOODKE & GIBBONS, P.C., L.L.O.**
Historic Inns of Court
619 N. 90th Street
Omaha, NE 68114
*Attorneys for Defendant Harley-Davidson Motor Company Group, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE N. GILLILAND, DENISE M. GILLILAND and LUIS S. GALLEGOS,<br><br>Plaintiffs,<br><br>vs.<br><br>HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC,<br><br>Defendant. | § § § § § § § § § § § § § § §    Case No. 8:11-cv-00011-LSC-FG3<br>Hon. Mag. F.A. Gossett<br><br><br>**EXHIBIT A** |

_____, being first duly sworn, states that he or she resides at _____, county of _____, state of _____;  that he or she has read and fully understands the attached Protective Order entered by the Court in the above-captioned action; that he or she is fully familiar and agrees to comply with and be bound by the provisions of the Order and submits to the jurisdiction of this Court for any proceedings with respect to the Order; that he or she will not discuss with or divulge to persons, other than those specifically authorized by the Order, and will not copy or use, except solely for purposes of this action and for no other purposes, any information obtained pursuant to the order, except as expressly permitted by the Court. He or she agrees to return any and all copies of Harley-Davidson Motor Company Group, LLC's protected documents and materials in his or her possession which were produced by Harley-Davidson Motor Company Group, LLC in this lawsuit to counsel for Plaintiffs within 15 days from the date of request by Harley-Davidson Motor Company Group, LLC or its counsel; and further that he or she will sign the Written Verification provided by counsel for Harley-Davidson Motor Company Group, LLC that all such protected documents and materials have been returned.

Signed:                                                  Dated:

_____     _____, 2011.

State of _____ )
County of _____ )

Subscribed and sworn to before me
this ___ day of _____, 2011.

_____
Notary Public, State of _____
My commission: _____